UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Donovan G. Hewitt,

                Plaintiff,

     –v–

Metro-North Commuter Railroad,

                Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 2 4 2017

14-cv-8052 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

Before the Court is Plaintiff Donovan Hewitt's motion to set aside Magistrate Judge Ellis's March 22, 2016 order and to preclude certain supplemental expert reports. For the following reasons, the Court denies the motion.

## I. Background

This is a case brought under the Federal Employers' Liability Act ("FELA") by Plaintiff Hewitt against his former employer, Metro-North Commuter Railroad ("Metro-North"). Amend. Compl. ¶¶ 1-2 (Dkt No. 56). As detailed in more depth in the concurrently filed Memorandum & Order denying Metro-North's motion for partial summary judgment, Plaintiff Hewitt alleges that Metro-North failed to take reasonable steps to mitigate his exposure to ergonomic risk factors.[1] Amend. Compl. ¶¶ 13-17. According to Hewitt, Metro-North's negligence in this

---

[1] "Ergonomics is the science of fitting workplace conditions and job demands to the capabilities of the working population." *Ahmed v. Keystone Shipping Co.*, No. 10–14642, 2012 WL 5300094, at *5 (E.D. Mich. Oct. 25, 2012). "Ergonomic risk factors" are "work-related factors that may pose a risk of musculoskeletal disorders" and include, *inter alia*, "repetitive, forceful, or prolonged exertions of the hands; frequent or heavy lifting, pushing, pulling, or carrying of heavy objects; and prolonged awkward posture." *Id.*

1

regard caused him to suffer several shoulder and elbow injuries. Amend. Compl. ¶ 17; Plaintiff's Rule 56.1 Statement ¶ 2 (Dkt No. 91).

To support his claims, Hewitt hired experts. Hewitt retained the services of Dr. Robert Andres, a bioengineer and ergonomist. Plaintiff's Rule 56.1 Statement ¶¶ 118-19, 129; Opp. at 2 (Dkt No. 83). Dr. Andres opined that Hewitt's work at Metro-North exposed Hewitt to various ergonomic risk factors associated with certain injuries and that Metro-North failed to take certain steps to mitigate Hewitt's exposure. Plaintiff's Rule 56.1 Statement ¶¶ 164, 182, 186, 189; Summary Judgment Def. Ex. B at 40-41 (Dkt No. 70-3). Hewitt also asked his orthopedic surgeon, Dr. Victor Sasson, to provide an expert report. Def. Ex. A (Dkt No. 84-1); Opp. at 2. Dr. Sasson opined that Hewitt's job at Metro-North "was a significant contributing cause (not the sole cause) of the injuries/conditions and symptoms" alleged in this lawsuit. Def. Ex. A at 14.[2] To combat Hewitt's claims, Metro-North also hired its own experts. Specifically, the company hired an ergonomics expert (Dennis Mitchell) to review Dr. Andres' opinions, and it hired an orthopedic surgeon (Dr. Ramesh Gidumal) to review Dr. Sasson's opinions. Opp. at 2; Maurer Affidavit ¶ 4 (Dkt No. 78); Def. Ex. B (Dkt No. 84-2); Def. Ex. D (Dkt No. 84-4).

The motion currently pending before the Court involves the timeliness of Metro-North's expert disclosures. According to the Court's January 15, 2016 scheduling order, all discovery in this case was to be completed by February 29, 2016. Dkt No. 45. Some of Metro-North's expert disclosures complied with this order; Metro-North disclosed Mitchell's initial report on February 8, 2016, Dr. Gidumal's initial report on February 16, 2016, and a supplemental report from Mitchell on February 28, 2016. Opp. at 2; Def. Ex. B; Def. Ex. D; Def. Ex. E (Dkt No. 84-5).

---

[2] As explained in the concurrently filed Memorandum & Order in this case, the Court denies Metro-North's motion to exclude these two experts pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

2

Metro-North, however, made two supplemental disclosures that violated this scheduling order. On March 3, 2016, Metro-North disclosed a supplemental report from Dr. Gidumal. Def. Ex. H (Dkt No. 84-8); Dkt Nos. 63, 64. That report stated, in its entirety, that Dr. Gidumal had "reviewed a disc titled 12/15/15 Site Inspection Video as well as two pages of Mr. Hewitt's job description. After reviewing both items [his] opinions as expressed during [his] deposition and [his] report have not changed." Def. Ex. H. On March 7, 2016, Metro-North disclosed a second supplemental report from Mitchell. Def. Ex. I (Dkt No. 84-9); Dkt Nos. 63, 64. This report stated that Mitchell had reviewed four additional documents and had concluded that those "documents do not have any relevance to [his] opinions as expressed in [his] previous reports." Def. Ex. I.

In 2015, this case was referred to the Magistrate Judge for general pretrial and for a particular discovery dispute. Dkt No. 15. Accordingly, the Magistrate Judge was responsible for resolving all "scheduling, discovery, non-dispositive pretrial motions, and settlement" issues. *Id.* Judge Ellis was designated as the Magistrate Judge for this matter.

On March 9, 2016, Magistrate Judge Ellis held a conference call with the parties. *See* Dkt Nos. 64-65. During that conference, both parties agreed that discovery was complete. Dkt No. 65; Mot. at 5 (Dkt No. 79); Opp. at 3-4. Hewitt did not raise the issue of the untimeliness of Metro-North's supplemental expert reports during this phone call. *Id.*

On March 15, 2016, Hewitt filed an objection to the two supplemental expert reports. Dkt No. 63. The sole basis of the objection was that the reports were untimely. *Id.* On March 21, 2016, Metro-North filed a letter response to this objection. Dkt No. 64. Metro-North argued both that the objection was "baseless" and that it "should have been raised by plaintiff with the Court on March 9, 2016." *Id.* at 1-2.

3

On March 22, 2016, Judge Ellis held a telephone conference to address Hewitt's objections. *See* Dkt No. 65. After the conference, Judge Ellis issued a written decision denying Hewitt's objections. *Id.* Judge Ellis concluded that Hewitt's objections to the untimeliness of Metro-North's supplemental expert reports were "a discovery matter." *Id.* Judge Ellis further concluded that "[b]ecause Hewitt failed to raise the objections following the close of discovery, or at the March 9 conference, his objections are untimely." *Id.* And because Hewitt had not shown good cause for the failure to raise the issue earlier, Judge Ellis ruled that "[t]he objections to Defendants' supplemental expert disclosures are therefore overruled." *Id.*

On April 1, 2016, Hewitt filed a motion challenging this decision. Dkt No. 77. Metro-North opposed. Dkt No. 83. The Court now resolves that motion.

## II. Discussion

Hewitt's motion asks the Court to set aside Magistrate Judge Ellis's March 22, 2016 decision and instead enter an order precluding Metro-North's two supplemental expert disclosures as untimely. Mot. at 8. The Court denies Hewitt's motion because Judge Ellis's conclusion that Hewitt waived the right to object to these reports by failing to raise the issue during the March 9 conference call was not "clearly erroneous" or "contrary to law."

A district judge may authorize a magistrate judge to decide any non-dispositive pretrial matter. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). After a magistrate judge decides a nondispositive matter, a party has fourteen days to object. Fed. R. Civ. P. 72(a). A district court must review objected-to decisions, but may only "modify or set aside" the magistrate judge's order if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1). Here, Hewitt has objected to Magistrate Judge Ellis's decision finding that Hewitt

4

waived the right to object to Metro-North's untimely supplemental expert disclosures by failing to raise the issue during the March 9 conference call. Mot. at 8.

The Court cannot conclude that Judge Ellis's decision was clearly erroneous or contrary to law. Hewitt argues that Judge Ellis erred because this Court's scheduling order gave him until March 29, 2016 to file an objection with the undersigned to the untimely expert disclosures. *See* Mot. at 6 ("Plaintiff's plan to file by 3/29/16, the date set by the Court, a pre-trial motion seeking an Order to partially exclude expert testimony from the two defense experts, was an appropriate procedural approach."). But the Court cannot square this argument with the orders filed in this case. For example, it was Judge Ellis, not the undersigned, who was tasked with resolving discovery disputes. Dkt Nos. 15, 67. Accordingly, Hewitt should have raised any discovery issues with Judge Ellis, presumably at the March 9 conference call scheduled in order to discuss the end of discovery. Furthermore, the Court's January 15, 2016 scheduling order does not support Hewitt's view. That scheduling order does set a March 29, 2016 deadline, but only for the filing of "*Daubert* motions and summary judgment motions," *i.e.*, dispositive motions. Dkt No. 45. It does not permit the filing of discovery-related motions by that deadline. To the contrary, the Court's scheduling order sets an earlier February 29, 2016 date as the relevant deadline for discovery. While the Court recognizes that Metro-North's violative disclosures were made after the close of discovery, the earlier discovery deadline in the scheduling order supports Judge Ellis's view that Hewitt's objections should have been raised earlier and specifically at the March 9 conference call during which the parties represented that discovery was complete. For these reasons, the Court cannot conclude that Judge Ellis's March 22, 2016 decision was clearly erroneous or contrary to law.[3]

---

[3] Even if Magistrate Judge Ellis had erred in determining that Hewitt waived his opportunity to challenge the late disclosure of the supplemental reports, the Court would nonetheless deny Hewitt's motion for preclusion because

### III. Conclusion

For the aforementioned reasons, the Court denies Hewitt's motion to set aside Magistrate Judge Ellis's March 22, 2016 order and to preclude two supplemental expert reports.

This resolves Docket Number 77.

SO ORDERED.

Dated: March 24, 2017
New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

Metro-North's discovery violation was harmless. *See* Fed. R. Civ. P. 37(c)(1) (noting that Rule 26 violations require preclusion of evidence "unless the failure was substantially justified or is harmless"). Metro-North timely disclosed the identities of Mitchell and Dr. Gidumal, and it also timely disclosed their initial reports. *See* Dkt No. 45; Maurer Affidavit ¶ 4; Def. Ex. B; Def. Ex. D; Opp. at 2. The supplemental reports challenged here state only that each expert reviewed a few additional pieces of information and that this additional material did not alter their ultimate conclusions. *See* Def. Ex. H; Def. Ex. I. Because Hewitt "was well aware of the identity of the undisclosed witness and the scope of knowledge well before the trial," Metro-North's "failure to disclose . . . is 'harmless.'" *Evans v. United States*, 978 F. Supp. 2d 148, 154 (E.D.N.Y. 2013) (citations omitted); *see Fleet Capital Corp. v. Yamaha Motor Corp.*, No. 01 CIV. 1047(AJP), 2002 WL 31108380, at *2 (S.D.N.Y. Sept. 23, 2002) (same); *see also* Maurer Reply Affidavit ¶ 13 (Dkt No. 92) (concession by plaintiff that "if the Court grants plaintiff's motion for partial preclusion . . . the opinions of the two experts will remain the same and the bases for their opinion will remain the same").